IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRIAN S. REID,

        Plaintiff,

v.     CIV 12-0134 KBM/ACT

D.P. CURTIS TRUCKING, INC.,
a foreign corporation,

        Defendant.

## MEMORANDUM OPINION & ORDER TRANSFERRING CASE TO UTAH

Plaintiff was physically residing in New Mexico when he filed this federal action. He seeks damages against his former employer under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. Defendant has its principal place of business in Utah. *See Doc. 1*. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 4, 6.*

Defendant moves to transfer the action to Utah under the Title VII venue provision which provides that such an action

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).  This specific Title VII venue statute, which favors factors convenient to the employer, trumps the more general venue statute found at 28 U.S.C. § 1404(a), which favors a plaintiff's choice of forum unless the balance of relevant factors weighs strongly in favor of the movant.  *See Pierce v. Shorty Small's of Branson, Inc.,* 137 F.3d 1190, 1191 (10th Cir. 1998) ("It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions.").  The presence of the § 1981 claim does not change the fact that the Title VII venue statute is paramount.  *See, e.g., Schlottman v. Unit Drilling Co., LLC,* No. CIV–08–1275–C, 2009 WL 414054, at *2 (W.D. Okla. Feb. 18, 2009) (Title VII's specific venue provision not disturbed by presence of both § 1983 and state claims).

      Plaintiff concedes that he could have brought this action in Utah under the Title VII venue provision.  Nevertheless, he opposes transfer because:  he was living in New Mexico when he applied for the job, worked as a truck driver from his base in Albuquerque, hauled loads between Albuquerque and Phoenix, and was living in Albuquerque when he was terminated.  Plaintiff rarely traveled to the company's offices in Utah with which he primarily communicated by telephone and fax.  *See Doc. 25* at 1-3.

      Plaintiff emphasizes the factors set out in § 1404, the general venue statute, particularly his choice of forum.  Although he now resides in Arizona, Plaintiff maintains a permanent residence in New Mexico, is working at having his New Mexico commercial driver's license reinstated, and intends to return to New Mexico once he regains the license so he can look for work as a driver in Albuquerque.  He also emphasizes that he was living in Albuquerque when he was fired and that decision was delivered by a telephone call from Defendant.  *Id.* at 5-6.  However, Plaintiff does not dispute that Defendant is based in Utah, employment records are there, the decision to fire him emanated from Utah, necessary witnesses will have less distance

to travel if the case is transferred to Utah, or, regardless of which jurisdiction takes this suit, Plaintiff will have to travel by virtue of his present living and working arrangements.  *See, e.g., Employers Mut. Cas. Co. v. Bartile Roofs,* 618 F.3d 1153, 1168 ("The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district. . .).

But again, Title VII's venue provision is controlling.  Thus, Plaintiff next contends that his termination took place in New Mexico and relies on *Kyros v. North Am. Bioproducts Corp.*, 2009 WL 1175167 (D. Neb. 2009).  Having reviewed that decision, I am unconvinced that it stands for the proposition that a termination occurs in the state where the employee resides and where he receives the news of his termination via a phone call.  Other cases cited by Plaintiff are relevant to general propositions but not the precise issue here.  Instead, I am persuaded that Title VII's venue provision requires transfer of this lawsuit to Utah.  *See Tipnis v. Emery Telephone,* Civil Action No. 06-cv-02402-WYD-CBS, 2007 WL 1306495, at *2 (D. Colo. May 3, 2007) ("While Plaintiff lived in Colorado when the actions at issue, including his termination, occurred, this is not the operative fact.  Instead, courts confronted with facts similar to those in the case at bar have held that " 'the Court must look to the place where the *decisions and actions concerning the employment practices occurred*.") (emphasis added).

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's motion to transfer *(Doc. 21)* is GRANTED, and the Clerk shall transfer this action to the United States District Court for the District of Utah under 28 U.S.C. § 1404(a) and/or § 1406.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by consent.